# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMIE SUE FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CV-1337 SPM |
| BOARD OF HEALING ARTS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Jamie Sue Ford's application to proceed in district court without prepaying fees or costs pursuant to 28 U.S.C. § 1915. ECF No. 2. Because plaintiff has not provided any financial information, the Court is unable to determine if she is able to pay the $402 filing fee at this time. Therefore, the Court will direct plaintiff to submit an amended application. If plaintiff fails to timely comply, the Court will deny her motion to proceed *in forma pauperis*.

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo.

Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, plaintiff submitted a blank affidavit of financial status. *See* ECF No. 2. Although she signed the form, she did not provide any information regarding her income for the past twelve months; the amount of money she has on hand in a checking or savings account; or whether she has any assets, such as a car or real estate. She has also failed to provide information regarding her monthly expenses and debts.

Due to plaintiff's self-represented status and her attestation that she is in poverty, the Court will permit her the opportunity to file a completed application so the Court may determine whether she meets the economic requirements for *in forma pauperis* status. The form *must* be completed in full. Failure to timely comply will result in the Court's denial of her request to proceed in district court without prepaying fees or costs.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's form Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or submit the completed Application to Proceed in District Court without Prepaying Fees or Costs, in

accordance with the instructions set forth herein, within **fourteen (14) days** of the date of this Order.

                                                      _____
                                                      SHIRLEY PADMORE MENSAH
                                                      UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of October, 2023.