**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMIE SUE FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-1337 SPM |
| ) | |
| BOARD OF HEALING ARTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Jamie Sue Ford's second motion for leave to proceed *in forma pauperis*. ECF No. 7. Having reviewed her amended filing, the Court will grant the request and permit her to proceed in this action without prepaying fees and costs. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why her complaint should not be dismissed for lack of subject matter jurisdiction.

### Second Motion to Proceed *In Forma Pauperis*

On October 24, 2023, plaintiff filed the instant civil action with a blank Application to Proceed in District Court without Prepaying Fees or Costs. *See* ECF No. 2. On October 25, 2023, the Court reviewed the Application, but was unable to determine whether plaintiff met the economic requirements for *in forma pauperis* status because it did not provide any of the necessary financial information. ECF No. 4. Consequently, she was directed to submit a completed Application or pay the full filing fee no later than November 8, 2023. *Id*. Plaintiff did not timely comply and, on November 16, 2023, the Court denied her request to proceed *in forma pauperis*, and directed her to pay the full $402 filing fee. ECF No. 6.

The Court subsequently received, on November 21, 2023, a second Application to Proceed in District Court without Prepaying Fees or Costs. *See* ECF No. 7. The financial information provided reflects that plaintiff is not currently employed and has no available funds or assets. Therefore, the Court will grant plaintiff's second request to proceed in this civil matter without prepaying fees or costs. *See* 28 U.S.C. § 1915(a)(1) (the Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor.)"

**Order Show Cause**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian*

*Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases).

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However,
3

a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Here, plaintiff leaves the section for federal question blank and does not provide a Statement of Claim. *See* ECF No. 1 at 3, 5. Attached to her complaint are several unsent draft emails plaintiff appears to have written to an unknown individual or entity, as well as a State of Missouri Division of Professional Registration Complaint form, dated September 11, 2023. The attachments are difficult to read as they are primarily written in all capital letters, without proper punctuation, and formatted as a stream of consciousness narrative. However, it appears plaintiff is complaining of an incident that occurred in 1992 in which a doctor affiliated with defendant allegedly committed medical malpractice and attempted murder. Nothing in the complaint nor the attachments reflects that this case arises under federal law.

As to diversity jurisdiction, plaintiff indicates that both herself and defendant are citizens of Missouri, *see* ECF No. 1 at 4, and she provides Missouri addresses for both, *see id.* at 2. The sections to provide an amount in controversy and to state the damages she seeks are left blank. *See id.* at 4-5. Therefore, she has failed to demonstrate the existence of diversity jurisdiction in this action.

If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within

4

thirty (30) days of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. Moreover, plaintiff is being directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second application to proceed in district court without prepaying fees or costs [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of December, 2023.