UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE SUE FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:23-CV-1337-SPM |
| | ) |
| BOARD OF HEALING ARTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. For the following reasons, this action will be dismissed without prejudice.

On October 24, 2023, self-represented plaintiff Jamie Sue Ford filed a Civil Complaint against defendant Board of Healing Arts, an entity located in Jefferson City, Missouri.[1] ECF No. 1. In the section designated to state the basis for jurisdiction, plaintiff left the federal question portion blank, indicated that the parties were *not* diverse in citizenship, and failed to assert an amount in controversy. *See id.* at 3-4. She also did not provide a Statement of Claim as required by the Federal Rules of Civil Procedure. Rather, attached to her complaint were several documents which appeared to be draft emails written to an unknown individual or entity. The attachments were difficult to read as they are primarily written in all capital letters, without proper punctuation, and formatted as a stream of consciousness narrative. However, it appeared plaintiff was complaining about an incident that occurred in 1992 in which individuals affiliated with defendant allegedly committed medical malpractice and attempted murder.

---

[1] The Court takes judicial notice of its own records that on November 1, 2023, plaintiff filed a second nearly identical action against the Board of Healing Arts. *See Ford v. Board of Healing Arts*, Case No. 4:23-CV-1392-SEP. That matter is currently pending before the Honorable Sarah E. Pitlyk.

On December 1, 2023, the Court granted plaintiff leave to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 8. Upon such review, the Court directed her to show cause as to why her complaint should not be dismissed for lack of subject matter jurisdiction. Nothing in the complaint or the attachments reflected that this case arose under federal law or was filed pursuant to diversity between the parties. Plaintiff had thirty (30) days, or until January 2, 2024, to comply. She was warned that failure to timely comply could result in the dismissal of this action, without prejudice and without further notice.

As of the date of this Memorandum and Order, plaintiff has not responded to the Court's order to show cause, nor has she sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned her that this case could be dismissed if she failed to timely comply, and gave her additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's December 1, 2023 Show Cause Order and her failure to prosecute his case.[2] *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

---

[2] Even if this Court did not dismiss this action pursuant to Fed. R. Civ. P. 41(b), the cause could not proceed as plaintiff has not properly shown federal jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction sua sponte, if necessary. *See City of Kansas City, Mo. v. Yarco Co.*, Inc., 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff has not alleged federal question or diversity jurisdiction on the face of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of January, 2024.

                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE